[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the named defendant were parties to a lease that commenced on May 1, 1994 and expired on May 1, 1997. Three months before that lease expired, the plaintiff served a notice to quit on the defendants alleging "that the month-to-monthtenancy under which you now occupy the premises expires at midnight on May 1, 1997." (Emphasis added.) On June 19, 1997, the plaintiff brought a summary process action based on that notice to quit. The defendants moved to dismiss that action because the notice was heard by the court, the plaintiff withdrew the action.
Paragraph 19 of the parties' lease provided: "If Tenant remains in the Premises after the expiration of the term of this lease without having executed a new written lease with the CT Page 10229 Landlord, such holding over will not constitute a renewal or extension of this lease. Landlord may, at its option, elect to treat Tenant as one who has not removed at the end of its term, and be entitled to all remedies against Tenant provided by law in that situation, or the Landlord may elect, at its option, to construe such holding over as a tenancy from month-to-month, subject to all the terms and conditions of this lease, except as to duration, and in that event Tenant will pay monthly rent in advance at the rate provided effective during the last month of the demised term, and in addition the sum of five hundred thirty seven ($537.00) dollars per month."
In May 1997, after the lease had expired, the defendants continued to tender a rent check to the plaintiff. The plaintiff accepted the rent check but insisted that the defendants pay added sums claimed to be due.
On July 23, 1997, the plaintiff served a second notice to quit on the defendants based on "non-payment of full rental for July, 1997, lapse of time and for the reason that the lease term has ended and the landlord no longer wishes to extend the lease." The plaintiff then commenced a second summary process action based on that notice to quit. The defendants requested that the plaintiff revise his complaint. Subsequently, relying primarily on Cohen v. Thorpe, Superior Court, Judicial District of Stamford-Norwalk, Housing Session, No. SPN 09011-10511 (3 Conn. L. Rptr. 692) (February 21, 1991), the defendants have moved to dismiss this second summary process action on the basis that the first notice to quit, albeit invalid for summary process purposes, terminated the parties' leasehold tenancy. Accordingly, the defendants argue, the present notice to quit is invalid because there exists only a tenancy at sufferance. I find that the first notice to quit was invalid and I disagree with the defendants for three reasons.
First, although Judge Melville's opinion in Cohen v. Thorpe
is scholarly and otherwise persuasive, the Appellate Court, sitting en banc, in Bridgeport v. Barbour-Daniel Electronics,Inc., 16 Conn. App. 574, 584, 548 A.2d 744, cert. denied,209 Conn. 826, 552 A.2d 432 (1988), held in the face of a particularly strong, scholarly and persuasive dissent by Judge (now Justice) Borden that an invalid notice to quit is "invalid for all purposes, including the termination of the month-to-month tenancy." Whether that holding is right or wrong, and despite my own reservations that that bright-line holding may encounter CT Page 10230 difficulty in its application in other contexts, I am duty-bound to follow it. Jolly v. Zoning Board of Appeals, 237 Conn. 184,195, 676 A.2d 831 (1996). Indeed, in Bargain Mart, Inc. v.Lipkis, 212 Conn. 120, 134, 561 A.2d 1365 (1989), the Supreme Court, citing and endorsing Barbour-Daniel, held that "a notice to quit will not terminate a lease if the notice itself is invalid."
Second, Cohen v. Thorpe involved a defective notice to quit in connection with an oral month-to-month lease. Here there was a three year tenancy pursuant to a written lease which did not expire until three months after the first, defective, notice to quit was served. The defendants have presented the court with no persuasive authority that that notice to quit, standing alone and without the defendants' assent, could terminate a tenancy during a three year written lease.
Third, this case, in which there was no request for an evidentiary hearing and no submission of an affidavit of facts, is a far cry from Shough v. Hogan, Superior Court, judicial district of New Haven, Housing Session, No. SPNH 9702-49735 (19 Conn. L. Rptr. No. 13, 450) (March 21, 1997), which the defendants cite. It is not clear, in light of paragraph 19 of the parties' lease, that the defendants' tender and the plaintiff's acceptance of a rent check in May, 1997, did not create a month-to-month tenancy which was thereafter terminated by the second notice to quit. See Carnese v. Middleton, 27 Conn. App. 530, 542
n. 8, 608 A.2d 700 (1992).
Therefore, in July, 1997, there was or had been a leasehold tenancy which could be terminated by lapse of time or, alternatively, a month-to-month tenancy which could be terminated for nonpayment of rent. Based on the limited record before the court, the notice to quit is not invalid. The court has subject matter jurisdiction.
The motion to dismiss is denied. The plaintiff's motion for use and occupancy payments is granted. The defendants shall deposit use and occupancy payments in the amount of $3,616.63 per month shall be deposited with the clerk of the court by October 25, 1997.
BY THE COURT
Bruce L. Levin CT Page 10231 Judge of the Superior Court